1 Bur., 326. D e n ex dem Burges verses Purvis, et al.

D. MORRISON & P. FREEMAN,

*vs.*

W. SHATTUCK, J. BOND, R. RICE & A. SAWYER.

IN CHANCERY.

This was a Bill in Equity, setting forth that in the year of our Lord, 1752, W. Williams, Esq., of Pittsfield, in, etc., by virtue of a deed duly executed by ——— Coates, now of ———, the original proprietor, was seized in his *demense*, as of fee of and in the right No. 1, in Halifax, in the State of Vermont. That in the same year the said W. Williams, by deed under his hand and seal, duly executed, conveyed the right No. 1, to Hugh Morrison, of ———, now deceased. That

Dec. adjourned term, 1789.

Morrison and Freeman
vs.
Shattuck, et al.

Substance of the bill.

Morrison and Freeman
vs.
Shattuck, et al.

from the time of the said W. Williams' said purchase' until the year 1783, he was possessed of a good deed from the said Coates to himself, of the same right. That on the 15th day of May, 1754, the said Hugh Morrison, by deed under his hand and seal, duly executed, conveyed the said right to John Morrison, then of ——, who, on the 29th day of February, 1788, by deed under, etc., conveyed the said right to your orators (except 100 acres on the west side of said right).

And the said orators further show, that the deed from the said Coates not being recorded, William Shattuck, of ——, in April, 1783, by misrepresentation, obtained it from the said W. W. That the said W. S. knowing that the said H. M. had a deed from the said W. W. and the said J. M., from the said H. M., of the said right No. 1, with an intent of defrauding the said J. M. for a trifling consideration, on the 26th day of June, 1783, obtained a deed from the said Coates to himself, and gave up to the said Coates the deed given to the said W. W., as aforesaid, the said Coates being then incapable of transacting business. And the said orators further show, that the said W. S. afterwards sold the said right No. 1, to Jonas Bond, of G., who, in September, 1786, sold 200 acres, part of said right, to Reuben Rice and William Rice, of ——; and the 1st day of March, 1787, the said J. B. sold 50 acres, part, etc., to James Knapp, and in December, 1787, sold the remainder to Abner Sawyer, of ——.

That the said J. K. claims no part of the right conveyed to the orators.

That the said R. R., W. R. and A. S. had brought an action of ejectment for the said right, against the orators, which is now depending, and that they are without remedy, save in this Court, etc.

Morrison and Freeman vs. Shattuck, et al.

They therefore pray an injunction to stay proceedings at law. That the said deed from Coates to W. S. may be set aside, and the said R. R., W. R. and A. S. may be ordered to release to the orators, or grant such other relief, etc.

To which bill the defendants W. R., R. R. and A. S. demurred, not confessing, etc.

*Three defendants demur.*

W. Shattuck, the other defendant, also demurred severally.

*Fourth defendant demurs seperately.*

The defendants W. R., R. R. and A. S. were first heard on the demurrer.

For these defendants, it was insisted, that by the plaintiff's own showing, the defendants have not been guilty of any fraud. They have purchased the title *bona fide*, without notice of any equity in another. At the time of their purchase, there was no pretence of right in the plaintiffs, who have since purchased and revived a dormant claim. The persons, under whom the plaintiffs claim, were negligent in not recording the title deed. Whatever equity H. M. might have had against W. S., yet neither H. M. or the present plaintiffs could have any against these defendants.

*Counsel for the three defendants.*

For the plaintiffs it was urged that the Court will assist in mending defective conveyances, and even supply a deed that has been destroyed. It is immaterial what parties are concerned; its being sold by W. S. can make no difference. It might have passed through several hands before W. Shattuck's fraud was known. The vendee cannot be in a better situation than the vendor. The title of W. S. being void by reason of fraud, the subsequent or derivative titles must likewise be void.

*Plaintiff' Counsel.*

*Per Cur:*

These defendants are set up in the bill to have purchased of W. S., they are not charged with fraud

personally, or even with notice of the title, under which the plaintiff's claim. They are, therefore, to be taken to be *bona fide* purchasers without notice. It has been long settled, that if A. sells to B., who forgets or neglects to register his deed, and C., knowing the same, purchases the same land from A., and first registers his deed, and sells to D., who purchases *bona fide* for a valuable consideration, without notice of B's. right; D. shall not be affected by C's. notice, but he shall hold against B.

Bill dismissed as to the three defendants, with costs agst. the plaintiffs.

The bill as to the defendants W. R., R. R. and A. S. must be dismissed, with costs against the plaintiffs.

Fourth defendant's Counsel.

For the defendant W. S., it was argued that the plaintiffs, at the time of the fraud alledged, owned nothing; they are to be considered as purchasers of a mere equity, which will not entitle them to maintain this action; that neither were, in fact, in possession.

For the plaintiffs it was said, that any subsequent purchaser had a right to disencumber.

*Per Cur:*

The plaintiffs do not stand in the place of heirs or representatives of H. M. H. M. had been defrauded of his title to the land in question; after which, and with notice (since it is not denied, and they are supposed to make the best of their own case) the plaintiffs have purchased. The injury was not done to them; they have no right, in their own names, to a remedy in this suit.

The bill, as to the defendant, W. S., was dismissed, but without costs.

Judge Knight did not sit in this case, having been of counsel for the defendants.